IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. GREENSPAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TOWER C. SNOW, JR.,<br><br>　　　　Defendant. | No. C 05-02816 SI<br><br>**ORDER VACATING OCTOBER 11, 2005 ORDER** |

　　　　On October 11, 2005, this Court issued an Order requiring plaintiff, trustee for the estate of Brobeck, Phleger & Harrison, LLP, to maintain Brobeck's administrative files held by two offsite storage facilities until further order of this Court. The Court issued its October 11 Order to ensure that both parties were given the opportunity to be heard before any of those files might be destroyed. Having now heard from both parties, the Court VACATES its October 11 Order without prejudice to raising the issues at a later time. The Court believes that the bankruptcy court is in the best position to address these issues in the first instance.

　　　　Defendant, a former partner at Brobeck, brought this issue before the Court by letter brief, arguing that plaintiff was poised to abandon Brobeck's interest in approximately 10,000 boxes of administrative files held by two offsite storage companies (the "Offsite Documents"). In addition to abandoning the estate's interest, plaintiff also sought to execute settlement agreements with the storage companies that provided that each storage company was "under no obligation to continue to store or maintain [the Offsite Documents] and is free to destroy them or dispose of them." Def. Br. at 1. Defendant contends that the Offsite Documents must not be destroyed because they contain information that is vital to his defense and counterclaims in this lawsuit, such as "accounting and finance records, time and expense reports, billing records, lease records, partner files . . ., payroll records, human resource files, business development files, marketing files, and various executive,

committee, and practice group files." Def. Br. at 3.

Despite the purported value of the Offsite Documents, which plaintiff disputes,[1] defendant has apparently made no effort to access those documents. Plaintiff has offered to give defendant complete access to the documents provided defendant pays the storage companies' modest access fee. Plaintiff has also provided defendant with an index to the documents, and has even offered to delay the effectiveness of the settlement agreements to allow defendant, as well as other former Brobeck partners, the opportunity to inspect the Offsite Documents. Apparently defendant has not taken advantage of these opportunities. Nor did defendant seek to challenge plaintiff's bankruptcy court motion to abandon the estate's interest in the Offsite Documents, although a number of other former Brobeck partners filed objections.

Defendant's position appears to be that plaintiff has a duty to maintain the Offsite Documents and to produce them when discovery begins in this matter. Yet all the Offsite Documents are wholly available to defendant now. Especially given that plaintiff is unfamiliar with the contents of the Offsite Documents, the Court believes it would be inefficient to require plaintiff to maintain, review, and produce the Offsite Documents at a later time. *Cf. In re D.H. Overmyer Telecasting Co.*, 53 B.R. 963, 977-78 (D. Ohio 1984) (denying discovery request where party already had access to the requested documents from discovery in prior litigation).

Given that the bankruptcy court must approve plaintiff's attempts to abandon the estate's interest in the Offsite Documents, as well as the two settlement agreements, the Court finds it appropriate to let the bankruptcy court address this issue in the first instance. As other former Brobeck partners have contested plaintiff's motion to abandon the estate's interest in the documents, there is no doubt the bankruptcy court will consider plaintiff's discovery obligations when deciding whether to approve the settlement agreements. Further, the Court believes that the bankruptcy court is currently in the best position to determine whether the Offsite

---

[1] Plaintiff has assembled, and has agreed to maintain, a separate set of documents that are actually in the possession of the estate (the "Onsite Documents"). Plaintiff claims that these documents contain all the information that defendant considers vital to his case. For example, plaintiff describes the Onsite Documents as containing "financial statements and auditor work papers from 1999 forward, partner compensation files from 2000 forward, and files respecting the Debtor's leases." Pl. Br. at 2. In addition, plaintiff has agreed to maintain the estate's computer server, which holds "the Debtor's general ledgers and other accounting files, innumerable other documents, and Brobeck's email database." *Id.*

Documents contain any relevant information that is not present in the Onsite Documents, as well as whether the limited resources of the estate are best applied to maintaining the Offsite Documents.

Accordingly, this Court's October 11, 2005 Order is VACATED (Docket No. 5), without prejudice to raising these issues at a later time.

**IT IS SO ORDERED.**

Dated: October 13, 2005

SUSAN ILLSTON
United States District Judge