IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. GREENSPAN, | No. C 05-02816 SI |
|     Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| TOWER C. SNOW, JR., | |
|     Defendant. | |

Now before the Court is plaintiff's motion to strike portions of defendant's answer. For the following reasons, the Court DENIES the motion.

**BACKGROUND**

Plaintiff is the Chapter 7 Trustee for the bankruptcy estate of Brobeck, Phleger & Harrison LLP ("Brobeck"). On January 21, 2005, plaintiff filed a complaint in bankruptcy court against defendant Tower Snow, Chairman of Brobeck from 1998 to 2001. Through its complaint, plaintiff sought the return of approximately $2,741,289 in distributions that Brobeck made to Snow during 2001 and 2002.

Snow answered plaintiff's complaint and demanded a jury trial. In response, plaintiff filed a motion to strike both the jury trial demand and 26 paragraphs of factual allegations in Snow's answer. The bankruptcy court denied plaintiff's motion with respect to the jury trial demand and transferred the case to this Court. The bankruptcy court did not decide plaintiff's motion with respect to the 26 paragraphs in Snow's answer. Instead, the bankruptcy court deferred to this Court for disposition of that issue. *See In re Brobeck, Phleger & Harrison, LLP*, No. 05-32715 (Bankr. N.D. Cal. July 1, 2005).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because of the limited importance of pleadings in federal matters, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). Where the motion involves background or historical material, it should not be granted unless the material is prejudicial to the opponent. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

## DISCUSSION

Plaintiff argues that the majority of the factual allegations in defendant's answer are irrelevant to this action and consist of nothing more than "Defendant's personal recollections respecting the final years of his relationship with the Brobeck law firm." Pl. Mot. to Strike, at 19. This description is not wholly inaccurate. The 26 paragraphs that are the subject of plaintiff's motion are, at times, embellished with a style more appropriate for a press release. *See, e.g.*, Def. Answer, at ¶¶ 104 ("Brobeck flourished under Snow's leadership."), 105 ("At the same time he was leading Brobeck to unprecedented revenues and profits, Snow was also changing Brobeck's culture."), 106 ("Snow made other changes to Brobeck's culture to ensure that all personnel were treated fairly and that the firm was run for the benefit of everyone, not just for the benefit of the senior and/or powerful partners.").

Nonetheless, while Snow's answer may be more flowery than plaintiff's complaint, it is not so florid as to merit the granting of plaintiff's motion. The factual allegations describe Snow's departure from Brobeck in abundant detail, but Snow's departure, along with the distributions he received during that period, are of central relevance to this case. In addition, many of defendant's factual allegations are related to his affirmative defenses. For example, Snow's second affirmative defense alleges that the distributions Brobeck gave him were in consideration for the work he did for the firm. Def. Answer at ¶ 145. Allegations concerning the quality and amount of work he did for Brobeck are therefore relevant to this claim. Similarly, Snow's eleventh

1  affirmative defense alleges that Brobeck defamed him. *Id.* at ¶¶ 159-60. Allegations regarding the animosity
2  between Snow and other partners constitute background material that is relevant to this claim.
3        Defendant's answer may contain some bomphiologia, but nothing sufficiently excessive to warrant being
4  stricken. Plaintiff's motion to strike is therefore DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to strike.

**IT IS SO ORDERED.**

Dated: November 8, 2005

                                          SUSAN ILLSTON
                                          United States District Judge